IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN MICHAEL QUICK,

                **Plaintiff,**

v.                                                                      CASE NO. 24-3228-JWL

RENEE HENRY, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

     Plaintiff and state prisoner Dustin Michael Quick filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court has reviewed the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. Plaintiff must also clarify, in writing, his current address. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

    **I.**    **Current Address**

     As a preliminary matter, Plaintiff must clarify for the Court his current address. The complaint reflects that Plaintiff is incarcerated in the Wyandotte County Jail in Kansas City, Kansas. (Doc. 1, p. 1.) But the envelope in which the complaint was mailed to the Court shows a return address of the Andrew County Jail in Savannah, Missouri. (Doc. 1-1.) Local Rule 5.1(b)(1) requires a pro se party to include his or her address in papers submitted for filing. D. Kan. 5.1(b)(1). The Court will direct the clerk to mail a copy of this order to Plaintiff at both the Wyandotte County Jail and the Andrew County Jail, but Plaintiff is directed to clarify, in writing, the single address

1

to which future orders should be mailed.

## II. Nature of the Matter before the Court

Plaintiff names as Defendants in this matter Kansas state District Judge Renee Henry and Wyandotte County Deputy District Attorney Branton La Ron Grissum. (Doc. 1, p. 1-2.) Plaintiff alleges that he was illegally arrested without probable cause on October 25, 2024, and was arraigned three days later. *Id.* at 2. As Count I of the complaint, Plaintiff asserts that Defendant Grissum violated K.S.A. 22-3212 by not producing discovery within 21 days of Defendant's request. *Id.* at 3. As Count II, Plaintiff alleges that K.S.A. 22-2902 was violated because it requires a preliminary hearing within 14 days of arrest, but his preliminary hearing is not scheduled until January 9, 2025. *Id.*

As Count III, Plaintiff alleges that his statutory speedy trial rights under K.S.A. 22-3402 have been violated by the failure to hold his preliminary hearing in a timely manner. *Id.* at 4. Plaintiff advises that his attorney has filed a motion for dismissal in the state court that is still pending, but he expects the judge to deny the motion. *Id.* at 3, 5. As relief, Plaintiff seeks his immediate release, dismissal with prejudice of all pending charges, and money damages. *Id.* at 5.

## III. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the

other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

IV. Discussion

   A. Defendants

This matter is subject to dismissal as it is brought against Defendant Grissum because he

3

is immune from liability for the acts attributed to him in the complaint. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Even liberally construing the complaint and attachment thereto, Plaintiff's allegations involving Defendant Grissum involve only actions—or inaction—he took in the course of his role as an advocate for the State during Plaintiff's criminal prosecution. He is immune from civil liability for such acts and must be dismissed from this matter.

Similarly, this matter is subject to dismissal as it is brought against Defendant Henry. Judges are absolutely immune from civil suits based on actions taken in their judicial capacity, except where they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Even liberally construing the complaint and attachment thereto, Plaintiff's allegations involving Judge Henry involve only actions she took in her judicial capacity and Plaintiff does not allege that she acted in the clear absence of all jurisdiction. Accordingly, Judge Henry must be dismissed from this matter.

### B.  Failure to State a Plausible Claim for Relief

This matter is subject to dismissal because it fails to allege the violation of a federal right. As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right *secured by the Constitution and laws of the United States*. . . ." *See West,* 487 U.S. at 48 (emphasis added). "After all, '§ 1983 "is not itself a source of substantive rights," but merely provides 'a method for vindicating *federal* rights elsewhere conferred.'" *Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (emphasis added) (unpublished) (quoting *Graham v. Connor*, 490

4

U.S. 386, 393–94, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)). Even liberally construing the pro se complaint now before this Court, the counts alleged within are based only on violations of state law, rather than the violation of a federal right.[1] Thus, the complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983 and it is subject to dismissal in its entirety.

### C. Relief Requested

As relief in this matter, Plaintiff seeks dismissal of the state criminal charges pending against him. (Doc. 1, p. 5.) This Court cannot enter an injunctive order directing a Kansas state district court to take certain actions in a criminal proceeding. Federal injunctive orders generally bind only certain types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65 (discussing injunctions and restraining orders). Moreover, any such order would likely be prohibited by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), which requires federal courts abstain from intervening in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate."

Plaintiff also seeks an order directing his immediate release. (Doc. 1, p. 5.) Such relief is unavailable in a § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Even if this matter were liberally construed as seeking federal habeas relief, it would likely be subject to dismissal under the United States Supreme Court cases that hold that federal courts generally should not exercise habeas corpus power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *See Younger*, 401 U.S. at 46; *Ex parte Royall*, 117 U.S. 241, 251-52 (1886).

---

[1] The Court recognizes that Plaintiff briefly refers to being illegally arrested without probable cause (*see* Doc. 1, p. 2), but none of the three counts set forth in the complaint are based on the arrest.

Plaintiff also seeks money damages, both to compensate him for lost wages and benefits and for "five times [his] actual damages." (Doc. 1, p. 5.) The Prison Litigation Reform Act (PLRA) provides in part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This statute applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Because Plaintiff has not alleged physical injury or the commission of a sexual act, he is barred by 42 U.S.C. § 1997e(e) from obtaining compensatory damages in this matter.

Nominal and punitive damages, however, are not barred by § 1997e(e). *Searles*, 251 F.3d at 879. Liberally construed, Plaintiff's request for "five times [his] actual damages" could be a request for punitive damages, which are available in a § 1983 lawsuit. However, punitive damages "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The factual allegations included in the complaint do not support a claim that any of the violations alleged therein were motivated by the required intent or indifference to Plaintiff's federally protected rights. Accordingly, Plaintiff has not shown entitlement to punitive damages.

### D. Conclusion

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (24-3228) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation, as discussed above. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that he must comply with the notice of deficiency (Doc. 3) on or before January 15, 2025.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 15, 2025**, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **January 15, 2025**, in which to clarify to the Court, in writing, his current address. The clerk is directed to send copies of this order to Plaintiff at both addresses currently provided: the Wyandotte County Jail in Kansas City, Kansas and the Andrew County Jail in Savannah, Missouri.

**IT IS SO ORDERED.**

DATED:  This 17th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge