IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTIN MICHAEL QUICK,**

                    **Plaintiff,**

    v.                                      **CASE NO. 24-3228-JWL**

**RENEE HENRY, et al.,**

                    **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff and state prisoner Dustin Michael Quick filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) It comes now before the Court on Plaintiff's amended complaint (Doc. 7), filed on December 30, 2024. The Court has reviewed the amended complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to show cause, in writing, why this matter should not be dismissed. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

**I.  Background**

Plaintiff filed his initial complaint on December 16, 2024, and he has been granted leave to proceed in forma pauperis. (Docs. 1 and 6.) The Court conducted the statutorily required screening of the complaint and found that it suffered from deficiencies that left it subject to dismissal in its entirety. Thus, on December 17, 2024, the Court issued a memorandum and order (M&O) identifying those deficiencies: (1) the two named Defendants, as the prosecutor and judge involved in Plaintiff's ongoing criminal case, are immune from liability for the acts on which the claims were based; (2) the complaint failed to allege the violation of a federal right, instead alleging

only violations of state statutes; (3) the dismissal of state criminal charges and immediate release from state pretrial detention, which Plaintiff sought as relief in this matter, are not available in a civil action brought under 42 U.S.C. § 1983; (4) compensatory damages, which Plaintiff also sought, are barred by 42 U.S.C. § 1997e(e) because the complaint did not allege physical injury or the commission of a sexual act; and (5) the complaint did not make the type of factual allegations that support a claim for punitive damages. (Doc. 4, p. 3-6.) The Court therefore granted Plaintiff time in which to file an amended complaint that cured the deficiencies. *Id.* at 7-8. Plaintiff promptly filed an amended complaint (Doc. 7), and the Court has conducted the required initial review.

### II. The Amended Complaint (Doc. 7)

The sole Defendant named in the amended complaint is the State of Kansas. (Doc. 7, p. 1.) Plaintiff alleges that he was illegally arrested without probable cause on October 25, 2024, and was arraigned three days later, but his preliminary hearing is set for January 9, 2025. *Id.* at 2. As Count I of the amended complaint, Plaintiff asserts that the delay in holding his preliminary hearing violates the Fifth and Fourteenth Amendments to the United States Constitution and denies him due process of law. *Id.* at 3. As Count II, Plaintiff asserts that the delay in holding the preliminary hearing violates the Sixth Amendment's guarantee of a public and speedy trial. *Id.* Plaintiff advises that his attorney has filed a motion for dismissal in the state court that is still pending, but he expects the judge to deny the motion. *Id.* at 3, 5. As relief, Plaintiff seeks compensatory and punitive damages. *Id.* at 5.

### III. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b);

2

28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d

1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## IV. Discussion

### A. Eleventh Amendment

This matter is subject to dismissal because the only named Defendant is the State of Kansas, which is absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). Plaintiff does not allege that the State otherwise waived immunity from the claims in this matter. Thus, this matter is subject to dismissal.

### B. Younger Abstention

Even if Plaintiff named a proper defendant in this matter, his claims relate to his state criminal proceedings in Wyandotte County and it appears that the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of*

*Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

It is clear from the amended complaint that Plaintiff's criminal proceedings are ongoing. Therefore, the first and second conditions for *Younger* abstention are met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition is met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights). Thus, even if Plaintiff named a proper defendant in this matter, it appears that *Younger* would require this Court to abstain from considering his claims.

### C. Relief Requested

Finally, for the reasons set forth in the Court's previous order, Plaintiff's request for money damages to compensate him for lost wages and benefits and for "five times [his] actual damages," remain subject to dismissal. (*See* Doc. 4, p. 6; Doc. 7, p. 5.) The amended complaint neither shows a physical injury or the commission of a sexual act as required by 42 U.S.C. 1997e(e) to obtain compensatory damages nor the type of conduct required to justify a claim for punitive damages.

### D. Conclusion

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause, in writing, why this matter should not be dismissed for the reasons set forth in this order. Failure to respond by the deadline may result in the dismissal of this matter without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **February 3, 2025**, to show good cause, in writing, why this matter should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 2nd day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge