IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTIN MICHAEL QUICK,**

    **Plaintiff,**

    v.                                                    CASE NO. 24-3228-JWL

**RENEE HENRY, et al.,**

    **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Dustin Michael Quick filed the operative amended complaint in this pro se action under 42 U.S.C. § 1983 on December 30, 2024. (Doc. 7.) Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen the amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). After conducting the statutorily required review of the amended complaint, on January 2, 2025, the Court issued a memorandum and order to show cause (MOSC) identifying the deficiencies in the amended complaint that left it subject to dismissal in its entirety. (Doc. 8.)

Specifically, the MOSC explained that because the only Defendant named in the amended complaint is the State of Kansas, the only relief sought is monetary damages, and there is no indication that the State has waived immunity from this action, the suit is barred by the Eleventh Amendment. *Id.* at 4. Additionally, the MOSC explained that even if Plaintiff named a proper defendant, this Court would be prohibited from hearing the claims in this suit under the well-established abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 8, 4-5). Finally, the MOSC noted that the amended complaint did not allege the type of facts required by 42 U.S.C. § 1997e(e) to support Plaintiff's claim for money damages. *Id.* at 6. The MOSC granted Plaintiff to and including February

1

3, 2025 in which to show good cause, in writing, why this matter should not be dismissed. *Id.* at p. 6. It expressly cautioned Plaintiff that "[f]ailure to respond by the deadline may result in the dismissal of this matter without further prior notice to Plaintiff." *Id.* The MOSC was mailed to Plaintiff at his address of record, which is the Andrew County Jail in Savannah, Missouri.

On January 14, 2025, the envelope containing the MOSC was returned to the Court marked "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward." (Doc. 5.) Due to information Plaintiff provided at this Court's request, the Court is aware that Plaintiff has been transported between the Andrew County Jail in Missouri and the Wyandotte County Jail in Kansas City, Kansas. Thus, the Court directed the clerk to remail the MOSC to Plaintiff at the Wyandotte County Jail, which occurred on January 14, 2025.

The deadline set in the MOSC has now passed and, as of the date of this order, the Court has received nothing further from Plaintiff. Therefore, for the reasons stated in the MOSC, this matter will be dismissed without prejudice because it fails to state a claim on which relief may be granted and it seeks only relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). *See also Williams v. Utah Dept. of Corrections*, 928 F.3d 1209, 1214 (10th Cir. 2019) (explaining that dismissals based on Eleventh Amendment immunity are without prejudice).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED**.

Dated on this 20th day of February, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
